

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,109-01

### EX PARTE ROBERT NICHOLS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 65-13-B (A) IN THE 25TH DISTRICT COURT
## FROM GONZALES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated in exchange for a ten-year probated sentence. His community supervision was later revoked and he was sentenced to nine years' imprisonment.

Applicant contends that his trial counsel rendered ineffective assistance and that his plea at revocation was not knowingly and voluntarily entered, because he believed that he was pleading "true" in exchange for a six-year sentence. The record contains a plea agreement, signed by Applicant and approved by the trial court in which the State agreed to recommend a six-year

sentence after revocation and also agreed not to pursue a new felony charge. However, the trial court sentenced Applicant to nine years' imprisonment after revocation, and certified that Applicant had waived his right to appeal. The plea papers at revocation do not contain an express waiver of appeal. Although this Court has held that there is no such thing as a binding plea agreement in the context of a probation revocation, if Applicant's counsel advised him to plead "true" and to waive his right to appeal without advising him that the plea agreement was not binding on the trial court, Applicant might have relied on counsel's advice to his detriment. If Applicant did not expressly waive his right to appeal from the revocation, trial counsel should have advised him that he retained such a right and that the trial court's certification was incorrect.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a copy of any express waiver of his right to appeal from the revocation of his community supervision, and with a transcript of the plea hearing. If Applicant did not expressly waive his right to appeal from the revocation, the trial court shall make findings of fact and conclusions of law as to whether Applicant was advised that

he did have a right to appeal, and if so whether he indicated a desire to appeal from the revocation. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's revocation counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea of "true" was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: November 7, 2018
Do not publish